Rapallo, J.
At common law, as a general rule, if a creditor appointed his debtor executor of his will, it operated as a release of bequest of the debt, unless the debtor renounced the executorship. The statute (2 R. S., 84, § 13) was intended to and did in terms abolish that rule. In order to obviate the incongruity of requiring the executor to proceed against himself for the collection of the debt, the statute provides that it shall be included in the inventory among the credits and effects of the deceased, and that the executor shall be liable for the same as so much money in his hands at the time the debt becomes due, and shall apply and distribute the same in payment of debts and legacies, and among the next of kin, as part of the personal estate of the deceased.
When an executor has, in the performance of his trust, paid out for these purposes the amount due frorú him to the estate, his debt and -all liens on his individual property by which the debt may have been secured will of course be discharged. But before this is done, it was not in our judgment the intention of the legislature, while preserving the debt, to discharge liens by which it might be secured. Subjecting the executor, as between him and those interested in the estate, to liability for his debt as for so much money in his hands, does not necessarily discharge a lien on real estate by which the debt may be secured. That provision merely superadds to his original obligation, a liability to account as executor for the amount of the debt, and was intended to facilitate the administration, and for the benefit of the estate, and nob for that of the executor or-of his individual creditors who may have subsequent liens upon his property. It certainly should not be so treated in a proceeding of an equitable nature, like the present. That the debt and lien may, under the very terms of the act, exist in their original form after the debtor has entered upon the duties of his office, is apparent. The statute declared that the debt shall not be *143 deemed released, but that at the time it becomes due, the executor shall be liable as for so much money in his hands. If payable at a future time, this form of liability does not arise, but he remains liable on the original debt until maturity, and it could not be pretended that a lien therefor on his land would be affected in the mean time so as to allow subsequent incumbrancers to acquire a priority over it. But, according to the construction claimed, the lien would, on the debt maturing, be at once discharged, and subsequent incumbrancers let in, although the executor might not have applied any part of the debt to the purposes of his trust and might be insolvent. We do not think that any such result was intended, or that the provision for subjecting the executor to accountability as executor for debts due by him to the estate was intended to affect liens on land securing such debts, or to operate as between the estate and subsequent incumbrancers, or individual creditors of the executor.
The order should be affirmed with costs payable out of the fund.
All concur, except Folgeb, J., not sitting.
Order affirmed.